UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE HARRIS,

                                                                   Plaintiff,            9:05-CV-1049
                                                                                        (LEK)(RFT)

           v.

G. MORTON, Corrections Officer; E. J. IRVIN, Corrections
Officer; RICHARD STINE, Corrections Officer; JAMES A.
NICHOLS, Acting Supt., BERRY, Corrections Officer, *et al.*,

                                                   Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

GEORGE HARRIS
Plaintiff, *Pro se*
Marcy Correctional Facility
Box 3600
Marcy, New York 13403

HON. ANDREW M. CUOMO                   RISA L. VIGLUCCI, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## DECISION and ORDER

      Presently before the Court is *pro se* Plantiff George Harris' Motion for Reconsideration of this Court's Order, filed June 27, 2007, which directed the Clerk of the Court to Strike Plaintiff's Motion for Leave to File a Supplemental Complaint. Dkt. No. 34, Pl.'s Mot. for Recon.; Dkt. No. 33, Order, dated June 27, 2007.[1]

---

[1] Defendants have filed a Motion for Summary Judgment, which shall be addressed separately. Dkt. No. 28.

By his Complaint in this action, Plaintiff claims that Defendants were deliberately indifferent to serious injuries he suffered in August 2003, when a van that he was a passenger in was involved in an accident. *See generally* Dkt. No. 1, Compl. At the time of that incident, Plaintiff was confined at Mid-State Correctional Facility. According to Plaintiff, he was injured in a second accident which occurred in February 2007 at Marcy Correctional Facility, and was again denied proper and adequate care for his injuries. By Motion, filed June 11, 2007, Plaintiff sought leave to file an amended complaint naming six additional Defendants to assert claims arising out of the February 2007 accident. Dkt. No. 30, Pl.'s Mot. to Amend, filed June 11, 2007. This Motion was ordered stricken from the docket as untimely because the deadline for filing non-dispositive motions expired on May 30, 2006. Dkt. No. 31, Order, dated June 12, 2007.

Plaintiff thereupon recast his Motion as one seeking leave to file a supplemental complaint. Dkt. No. 32, Pl.'s Mot. to Supp. Compl., filed June 25, 2007. By his proposed supplemental pleading, Plaintiff sought to add the same six additional Defendants and claims arising out of the February 2007 accident. Plaintiff's Motion for Leave to File a Supplemental Complaint was ordered stricken from the Docket as untimely filed. Dkt. No. 33, Order, dated June 27, 2007. Plaintiff's current Motion for Reconsideration followed. Dkt. No. 34.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). By his Reconsideration Motion, Plaintiff appears to claim that the pretrial deadlines should not bar a supplemental pleading and, therefore, the Court erred in striking his

2

Motion. Plaintiff does not claim that there has been a change in the controlling law or that new evidence not previously available has come to light, thus we presume he is proceeding under the notion that reconsideration is necessary to remedy a clear error of law or prevent a manifest injustice.

A supplemental complaint is a pleading that sets forth events which have occurred since the date of the pleading sought to be supplemented. FED. R. CIV. P. 15(d); *see also Carter v. Artuz*, 1998 WL 782022, at *2 (S.D.N.Y. Nov. 6, 1998) ("The function of FED. R. CIV. P. 15(d) is to enable the party to set forth in supplemental pleadings transactions or occurrences or events which have happened since the date of the original pleadings.").[2] A party may supplement his or her pleading through Rule 15(d) to add new defendants and new claims, but only if "adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (citations omitted). While the claims set forth in Plaintiff's proposed supplemental complaint arose subsequent to the commencement of this action, because those claims arise out of an entirely separate incident, involving different correctional officials from a different correctional facility, the pleading is not a proper supplemental complaint. There is no link between the two events aside from the fact that both pleadings concern car accidents. Moreover, pretrial deadlines may properly be relied upon by the Court to mange the docket and to limit further expansion of the issues whether by amended or by supplemental pleadings.

Upon review of the file, including Plaintiff's Motion for Reconsideration, the Court finds that the Motion for Leave to File a Supplemental Complaint was properly stricken from the Docket

---

[2] The decision to grant or deny a motion to amend or supplement a pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure is committed to the sound discretion of the trial court, "and its decision is not subject to review on appeal except for abuse of discretion[.]" *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

and that reconsideration of that determination is not warranted. Plaintiff has not demonstrated that reconsideration is necessary to prevent manifest injustice, but rather merely restates his belief that the Motion was properly filed.

The Court also denies Plaintiff's request that this matter be certified for interlocutory appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b). "Routine resort to 28 U.S.C. § 1292(b) is disfavored as interlocutory review is designed for 'exceptional cases.'" *John and Vincent Arduini Inc. v. NYNEX*, 129 F. Supp. 2d 162, 175 (N.D.N.Y. 2001) (citations omitted).

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 34) is **denied**; and it is further

**ORDERED**, that Plaintiff's request that this matter be certified for interlocutory appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b) (Dkt. No. 34) is **denied**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

Date:  August 16, 2007
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge