**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GEORGE HARRIS,

                                        Plaintiff,

            - v -                                                Civ. No. 9:05-CV-1049
                                                                        (LEK/RFT)

G. MORTON, E.J. IRVIN, RICHARD STINE,
JAMES A. NICHOLS, BERRY, *Correction Officers*;
RICHARD MOHRMAN, *Investigator*;
SALLY BAXTER, *Administrative Nurse*;
THOMAS HANLEY, *Nurse*,

                                        Defendants.

**APPEARANCES:**                                        **OF COUNSEL:**

GEORGE HARRIS
Plaintiff, *Pro Se*
98-A-0475
Marcy Correctional Facility
Box 3600
Marcy, N.Y. 13403

HON. ANDREW M. CUOMO                          RISA L. VIGLUCCI, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, N.Y. 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        *Pro se* Plaintiff George Harris brings this civil rights action pursuant to 42 U.S.C. § 1983

claiming that his constitutional rights under the Eighth Amendment were violated when he was not

properly treated for an injury he suffered as a passenger in a car accident.  Dkt. No. 1, Compl.

Defendants have filed a Motion for Summary Judgment (Dkt. No. 28) under Rule 56 of the Federal

Rules of Civil Procedure, to which Plaintiff has responded in opposition (Dkt. No. 29).  For the reasons that follow, it is recommended that Defendants' Motion for Summary Judgment be **granted**, and Plaintiff's Complaint be **dismissed**.

## I. FACTS

The following facts were derived mainly from the Defendants' Statement of Material Facts, submitted in accordance with N.D.N.Y.L.R. 7.1, which were not specifically countered nor opposed by Plaintiff.  *See* N.D.N.Y.L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.</u>" (emphasis in original)).  In any event, most, if not all, of the material facts are not in dispute, but rather, the issue is whether those facts give rise to constitutional violations.

On October 24, 2003, Plaintiff was a passenger in a van driven by Defendant Corrections Officer (C.O.) Morton headed from Mid-State Correctional Facility to the SUNY Health Care Center in Syracuse, New York.  Dkt. No. 28-4, Defs.' 7.1 Statement at ¶ 1.  While attempting to back out of a parking space, Morton hit the rear driver side panel of another vehicle.  *Id*. at ¶ 3.  Both Morton and Defendant C.O. Irving, who was also present in the car, inspected the vehicles and noted minimal damages.  *Id*. at ¶ 4.  Plaintiff was wearing a seatbelt when the accident occurred.  *Id*. at ¶ 5.  Plaintiff arrived at Mid-State at approximately 11:20 a.m. and was seen in the infirmary at approximately 12:40 p.m., at which point he completed an inmate injury report.  *Id*. at ¶ 6; Compl. at p. 5.  Plaintiff complained of a "bumped" left knee and a "snapped" neck, but Defendant Nurse Hanley found that Plaintiff was not suffering from any injuries requiring medical treatment, and noted that Plaintiff had full range of motion and was alert and oriented.  Defs' 7.1 Statement at ¶¶ 8-9. Plaintiff did not seek any further medical attention until October 31, 2003, when he complained

of pain and discomfort in his neck and knee to Nurse Myers[1] at the flu shot clinic, which is provided for the purpose of administering flu shots only. *Id*. at ¶ 9; Compl. at p. 6. Nurse Myers instructed Plaintiff to sign up for sick call if he needed medical attention, to which Plaintiff responded that he intended to file a grievance. Defs' 7.1 Statement at ¶ 9; Compl. at p. 7.

Plaintiff filed a grievance on November 6, 2003, which Superintendent James A. Nichols denied on November 11, 2003, after an investigation. Dkt. No. 28, Defs.' Mot. for Summ. J., Risa Viglucci, Esq., Affirm., dated Apr. 2, 2007, Ex. B at p. 3. Plaintiff's appeal to the Central Office Review Committee (CORC) was unanimously denied. *Id*. at p. 2; Defs' 7.1 Statement at ¶ 10. Plaintiff now brings this action claiming violation of his constitutional rights.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d

---

[1] Nurse Myers is not a named Defendant in this action.

Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations,

unsupported by the record, are insufficient to defeat a motion for summary judgment.  *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B.  Eighth Amendment Claim

Plaintiff claims that the Defendants failed to adequately care for injuries he sustained to his neck and knee during a minor car accident.  "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to [his] serious medical needs."  *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003) (internal quotation marks and citations omitted) (alteration in original).  This standard contains both objective and subjective elements.  *Id.*  "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberative indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind."  *Id.* at 183-84 (citing *Chance v. Armstrong*, 143 F.3d at 702 & *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).  The subjective element "entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Hathaway v. Coughlin*, 99 F.3d at 553 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

The record in this case shows that on the day of the accident, October 24, 2003, Plaintiff was attended to by Defendant Nurse Hanley, who found Plaintiff free of injury.  Viglucci Affirm., Ex. A., Rep. of Inmate Injury, dated Oct. 24, 2003.  Plaintiff did not seek any further medical attention until October 31, 2003, when he complained of pain and discomfort in his neck and knee to Nurse Myers, who instructed him to utilize the sick call procedure in order to receive medical attention.  Compl. at p. 6.  Plaintiff's Ambulatory Health Record (AHR) shows that Plaintiff continued to complain of neck pain in the months that followed.  *See* Viglucci Affirm., Ex. A, AHR.  The medical

staff questioned whether Plaintiff had possibly suffered from whiplash, and it was recommended that Plaintiff take Tylenol and apply heat to the afflicted area.  *Id*. at entries dated Jan. 15 & Feb. 17, 2004.[2]  An x-ray exam of Plaintiff's cervical spine revealed an "old apparent injury to [the] C6 spinous process."  Dkt. No. 29, Pl.'s Resp. to Defs.' Mot. to Dismiss, Ex. 9, Cervical Spine Exam Rep., dated Jan. 16, 2004.  Plaintiff's regular physician received the x-ray report and recommended no changes to his prescriptions.  AHR, entry, dated Jan. 22, 2004.  This injury was later diagnosed as a pinched nerve in his neck.  *Id*. at entry dated Mar. 5, 2004.  Such a minor injury does not normally rise to the level of seriousness required to make a viable claim of medical indifference under the Eighth Amendment.  *See Bennett v. Hunter*, 2006 WL 1174309, at *3 (N.D.N.Y. 2006) (stating that a pinched nerve is not a serious medical need).

The record also reflects that Plaintiff has suffered from Degenerative Disc Disease[3] since 2002.  Pl.'s Opp. to Defs.' Mot. to Dismiss, Ex. 9, Bone Scan Rep. dated Mar. 29, 2002 & Radiologic Consultation, dated Jan. 16, 2004.  The January 16, 2004 report notes a "straightening and mild degenerative disc disease at C5-6 and C6-7."  Degenerative Disk Disease itself might be considered a constitutionally significant injury, *see Moolenaar v. Champagne*, 2006 WL 2795339, at *6 n.6 (N.D.N.Y. Sept. 26, 2006) (citation omitted), however, Plaintiff does not claim that he received inadequate treatment for this ongoing condition, but rather for the neck injury he allegedly suffered as a result of the car accident.  *See generally* Compl.; *see also Smith v. Carpenter,* 316 F.3d

---

[2] We note that although Plaintiff states he suffered from a "snapped" neck, he does not indicate he suffered from anything other than a generic neck injury.  *See* Compl. at p. 9.

[3] Degenerative Disc Disease (DDD) is "not really a disease but a term used to describe the normal changes in your spinal discs as you age. . . [it] can take place throughout the spine, but it most often occurs in the discs in the lower back (lumbar region) and the neck (cervical region)."  Information *available at* www.webmd.com.  DDD involves the break down or degeneration of the spinal disks caused by the loss of fluid in the discs or tiny cracks or tears in the outer layer of a disc.  *Id*.  DDD can result in back or neck pain, depending on the location of the affected disc.  *Id*.

at 186 (citations omitted) (stating Eighth Amendment claims concern "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract"). In addition, the Plaintiff has not asserted, nor does the record reflect, that his disease was somehow worsened as a result of the alleged injury he sustained in the car. Therefore, the Plaintiff's claim must fail under the objective prong of the Eighth Amendment deliberate indifference standard.

Even assuming, *arguendo*, that Plaintiff sustained a serious medical injury, his claim would fail under the subjective prong as well. Defendants Irving, Morton, and Hanley are the only named Defendants who were directly involved in the care Plaintiff received after the accident. *See generally* Compl. C.O.'s Irving and Morton were present in the van during the accident, and upon their return to Mid-State, Defendant Morton sent Plaintiff to the infirmary to be checked out for any injury. *Id*. at p. 5. Thus, far from exhibiting a deliberate indifference to Plaintiff's medical needs or otherwise preventing Plaintiff from receiving medical attention, these officers ensured that Plaintiff received medical attention in a timely fashion. *Id*.

Nurse Hanley examined Plaintiff on the day of the accident and found no injuries, noting that Plaintiff was alert and had a full range of motion. Rep. of Inmate Injury, dated Oct. 24, 2003. Plaintiff states in his Complaint that he requested to see a doctor, but that Hanley denied his request stating he would have to go to sick call to see a doctor. Compl. at p. 6. Plaintiff also states later that night he again complained of neck pain to C.O. Jordan[4] who informed Hanley of his complaints, but that Hanley refused to see Plaintiff. *Id*. Even accepting these statements as true, there is no evidence on the record to suggest that Hanley acted with deliberate indifference towards Plaintiff's

---

[4] C.O. Jordan is not a named Defendant in this action.

alleged injuries.  Prison officials act with deliberate indifference "when [they] 'know[] of and disregard[] an excessive risk to inmate health or safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1970).  Hanley did a "head to toe assessment" and found nothing wrong with Plaintiff, and then advised Plaintiff to utilize the sick call procedure if he wanted to see a doctor. Rep. of Inmate Injury, dated Oct. 24, 2003.  Plaintiff admits that despite the severe pain he allegedly felt, he did not inform any medical staffer until October 31, 2003, seven days after the car accident. Compl. at p. 6.  At worse then, Hanley failed to identify an injury that Plaintiff himself had not felt the effects of at the time of Hanley's assessment.  *Id*. (stating that only after Hanley's examination did Plaintiff "really feel the effects of the accident upon his neck.").  There is no accusation nor evidence on the record that Defendant Hanley consciously disregarded Plaintiff's medical needs. *See Farmer v. Brennan*, 511 U.S. at 836 (stating a plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm).

For the foregoing reasons, it is recommended that Summary Judgment be **granted** as to Defendants Hanley, Irving, and Morton.

### C.  Personal Involvement

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted).  Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement. Therefore, a prison official may not be found liable for a constitutional violation merely because of

the acts of those under his control." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted).

If a plaintiff seeks to bring a § 1983 action for supervisory liability, liability on the part of the supervisor may exist

> in one or more of the following ways: 1) actual direct participation in the constitutional violation, 2) failure to remedy a wrong after being informed through a report or appeal, 3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, 4) grossly negligent supervision of subordinates who committed a violation, or 5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003) (citing *Colon v. Coughlin*, 58 F.3d at 873) (further citations omitted).

In the case at bar, Plaintiff has failed to identify how the remaining Defendants, Baxter, Stine, Nichols, Berry, and Mohrman, were personally involved in his alleged Eighth Amendment claim. Plaintiff's statements about these Defendants concern the investigation of the Grievance he filed and the subsequent decisions rendered against him. Plaintiff takes issue with several alleged failures to follow correct procedure in reporting the car accident, and accuses these Defendants of failing to follow what Plaintiff asserts is correct protocol in the aftermath of a car accident.[5] *See* Compl. at pp. 5-9. However, aside from his Eighth Amendment claim, Plaintiff fails to explain, and the Court cannot itself fathom, how any of these accusations amount to a violation of his constitutional rights.

For these reasons it is recommended that the Motion for Summary Judgment be **granted** as

---

[5] For example, Plaintiff states that Defendants Morton and Irvin failed to "speak with their superiors and get instructions as to what procedure was to be followed" in the wake of the car accident. Compl. at p. 5. Similarly, Plaintiff accuses Defendant Stine of failing to contact Plaintiff in order to make a written report of the accident. *Id*. at p. 7.

to the remaining Defendants.

### D.  Qualified Immunity

Defendants raise the affirmative defense of qualified immunity.  However, because we find that Plaintiff has suffered no constitutional violation, we need not address the merits of that defense. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for fruther inquiries regarding qualified immunity.").

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 28) be **granted**; and it if further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).


Date:   January 24, 2008
        Albany, New York

*-10-*

RANDOLPH F. TREECE
United States Magistrate Judge

*-11-*